UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFEWERKI K.K.,[1]<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,[2]<br>Respondents. | No. 1:26-cv-01736-TLN-SCR<br><br>**ORDER** |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1.) The Court previously granted Petitioner's Motion for Temporary Restraining Order ("TRO") and ordered his immediate release. (ECF No. 6.) The Court ordered Respondents to show cause why the Court should not grant the habeas petition and enter judgment in favor of Petitioner. (*Id.*) The matter is fully briefed. (ECF Nos. 10, 11.)

The Constitution guarantees the availability of the writ of habeas corpus "to every

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Some of the officials named by Petitioner have since left office and been replaced. Thus, the Court directs the Clerk of Court to substitute Todd Blanche for Pamela Bondi, Markwayne Mullin for Kristi Noem, and David Venturella for Todd Lyons. *See* Fed. R. Civ. P. 25(d).

individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates their custody violates the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Petitioner is a noncitizen who entered the United States without admission on June 3, 2024. (ECF No. 1.) Petitioner encountered immigration authorities shortly upon entry and was paroled. (*Id.*) On July 9, 2025, Petitioner was apprehended and placed in detention by immigration authorities while living in the interior of the country. (*Id.*) Petitioner was detained without notice or a hearing to determine if he poses a flight risk or danger to the community. (*Id.*)

Petitioner claims his civil immigration detention violates the Fifth Amendment Due Process Clause. (*Id.* at 15–18.) Respondents argue the habeas petition is moot due to Petitioner's release in compliance with the TRO. (ECF No. 10.)

"To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975)). "To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout all stages . . . [T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Carballo v. Semaia*, No. 5:25-CV-03176-SPG-AJR, 2026 WL 381608, at *3 (C.D. Cal. Feb. 10, 2026) (internal quotation marks and citations omitted).

The Supreme Court has addressed Respondents' argument in the context of class action claims and found that such cases are not moot when at least one class member "ha[s] been granted [relief] following a preliminary injunction in a separate case" because "[u]nless [the] preliminary injunction [is] made permanent" the petitioner "face[s] the threat of re-arrest." *Nielsen v. Preap*, 586 U.S. 392, 403 (2019). By contrast, the Ninth Circuit has found that when the government represents that it will not re-arrest a habeas petitioner, their petition may be

deemed moot. *Picrin-Peron v. Rison*, 930 F.2d 773 (9th Cir. 1991); *but see Carballo*, 2026 WL 381608 at *4 (rejecting a similar mootness argument based on *Rison* due to distinguishable facts). Respondents have made no such representation. Thus, because Petitioner faces a threat of re-arrest if this case is closed without a permanent injunction, the petition is not moot.

The Court finds Petitioner possesses a protected liberty interest and was denied the process necessary to ensure any deprivation of that interest accords with the Constitution. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The record in this case establishes that Petitioner developed a clear interest in his continued freedom protected by the Due Process Clause when he was released and allowed to live freely pending resolution of his immigration proceedings prior to his current detention. Even if he is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause. *See Hernandez v. Sessions*, 872 F.3d 976, 997 (9th Cir. 2017); *Zadvydas*, 533 U.S. at 693.

Respondents' argument as to the applicability of § 1225(b)(2) is unavailing as the Ninth Circuit has confirmed the government's interpretation of the statute is incorrect. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a) ("1226(a)"). *Id.* at *3. Accordingly, the Court finds Petitioner maintains a clear interest in his continued liberty protected by the Due Process Clause.

Upon consideration of the three factors set forth in *Mathews v. Eldridge*, the Court finds Petitioner was owed notice and a hearing before a neutral decisionmaker to determine whether his detention is justified. 424 U.S. 319, 335 (1976); *see Julio Fernando R.P. v. Andrews*, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24, 2026) (analyzing the *Mathews* factors and finding similarly). Having received neither, Petitioner's detention violates the Fifth Amendment Due Process Clause.

Accordingly, IT IS HEREBY ORDERED:

1. The Petition for Writ of Habeas Corpus is GRANTED. (ECF No. 1.)

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Respondents' Motion to Dismiss is DENIED. (ECF No. 9.)

4. The Clerk of Court is directed to SUBSTITUTE Todd Blanche for Pamela Bondi, Markwayne Mullin for Kristi Noem, and David Venturella for Todd Lyons. Fed. R. Civ. P. 25(d).

5. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.[3]

IT IS SO ORDERED.

DATED: August 21, 2026

Troy L. Nunley
Chief United States District Judge

[3] Petitioner also seeks an award of attorney's fees and costs under the Equal Access to Justice Act. (ECF No. 1 at 19.) The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.